UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK BARROW (#358142)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-442-JWD-RLB** |
| **DARYL VANNOY, ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 1, 2019.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FREDERICK BARROW (#358142)**                              **CIVIL ACTION**

**VERSUS**                                                                        **NO. 18-442-JWD-RLB**

**DARYL VANNOY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion for Judgment on the pleadings filed on behalf of defendants Warden Daryl Vannoy and Major Jimmy Smith (R. Doc. 74). The motion is opposed. *See* R. Doc. 77.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants alleging that his constitutional rights have been violated due to unconstitutional conditions of confinement and the use of excessive force. He prays for injunctive, declaratory and monetary relief.

The moving defendants move for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and assert, *inter alia*, that the plaintiff has failed to state a claim upon which relief may be granted. A motion for judgment on the pleadings is evaluated on the same basis as a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010) (*citing Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

With regards the moving defendants, in his Complaint as amended, the plaintiff alleges that for 20 years he has chosen to remain in a one-man cell. Beginning in 2009, 40 additional beds were added to the dormitories. In 2012, the extended lockdown cells in the Jaguar unit were converted to two-man cells. The plaintiff was transferred to another unit and refused to return in 2014, 2015, and again in 2017. Each time the plaintiff was sent to administrative segregation at Camp J.

On December 12, 2017, the plaintiff was moved from Camp J to Camp C, and he was told to prepare to go to the Jaguar unit. The plaintiff contacted a social worker in order to be put on standard suicide watch and avoid being transferred to the Jaguar unit. These actions were repeated on December 15, 2017, December 26, 2017, and January 3, 2018.

On February 1, 2018, the plaintiff was sent to administrative segregation in the CBB. On February 19, 2018, the plaintiff was sprayed with a chemical agent after refusing to be double bunked in his cell in administrative segregation. After the plaintiff was sprayed with the chemical agent he was forced to double bunk with another inmate. At some point prior to being sprayed, the plaintiff spoke to defendant Smith who declined defendant Reams' suggestion to spray the plaintiff with a chemical agent and assured the plaintiff that he would be seen by a social worker once he arrived at Camp C.

The plaintiff asserts defendant Warden Vannoy is legally responsible for the overall operation of the penitentiary, and that defendant Smith is the assistant warden over the CBB. The plaintiff further asserts that being forced to double bunk in administrative segregation is unconstitutional.

The plaintiff's allegations against defendants Vannoy and Smith fail to state a claim upon which relief may be granted. In *Bell v. Wolfish*, 441 U.S. 520, 542 (1979), the United States Supreme Court indicated that there is no constitutional principle requiring "one man, one cell,"

and that the "double celling" of inmates is not a *per se* unconstitutional condition. Construing the plaintiff's "double celling" claim in the context of a civil rights action, it has no merit. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Duncan v. Puckett*, 91 F.3d 137, 1996 WL 400039 (5th Cir. May 27, 1996) (upholding the dismissal, as frivolous, of an inmate's claim of being placed "in a single cell with another inmate"); *Thompson v. Stalder*, 2008 WL 874138, *7 (M.D. La. April 1, 2008) (finding that "the mere fact that an inmate may be double-celled for a period of time does not, as a matter of law, state a claim of constitutional dimension"); *Higgins v. Jefferson Parish Prison*, 1988 WL 24137, *3 (E.D. La. March 7, 1988) (claim of being housed in a cell with another inmate dismissed as frivolous).

To the extent the plaintiff is asserting a claim against defendants Vannoy and Smith for the use of excessive force, a use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). In the instant matter, the plaintiff has failed to allege sufficient personal involvement on the part of defendants Vannoy and Smith in any alleged violation of the plaintiff's constitutional rights.

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir.May 1, 2019 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662,

676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

The plaintiff has made no allegations of personal involvement on the part of the moving defendants with regards to the use of excessive force. Rather, the plaintiff has made general allegations that defendant Vannoy is legally responsible for the overall operation of the penitentiary, and that defendant Smith is the assistant warden over the CBB. Such allegations, that defendants Vannoy and Smith are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior*, are insufficient to state a claim under § 1983.

## RECOMMENDATION

It is the recommendation of the magistrate judge that that the defendants' Motion for Judgment on the Pleadings (R. Doc. 74) be granted, dismissing the plaintiff's claims against defendants Vannoy and Smith, with prejudice. It is further recommended that this matter be referred back to the magistrate judge for further proceedings.

Signed in Baton Rouge, Louisiana, on May 1, 2019.

    _____
    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**